CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 0 6 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALVIN O. WASHINGTON, | ) | |
| Petitioner, | ) | Civil Action No. 7:05CV00418 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Alvin O. Washington brings this 28 U.S.C. § 2254 petition, challenging his convictions for second degree murder, use of a firearm in the commission of a murder, and possession of a firearm by a convicted felon. Washington claims that trial and appellate counsel were ineffective and that the government failed to produce all exculpatory evidence. This matter is before the court on the respondent's motion to dismiss. The court finds that Washington's petition is untimely and that there are no grounds for equitable tolling. Accordingly, the court grants the respondent's motion to dismiss

I.

On March 23, 2001, the Circuit Court of Orange County convicted Washington of second degree murder, use of a firearm in the commission of a murder, and possession of a firearm as a convicted felon and sentenced him to 24 years. Washington appealed to the Court of Appeals of Virginia; a single judge refused his petition on October 29, 2001, and a three-judge panel affirmed on January 28, 2002. Washington then petitioned for an appeal before the Supreme Court of Virginia, but the court dismissed his petition on May 15, 2002, for failure to set forth assignments of error as required by Rule 5:17(c). Washington then filed a habeas petition in the Circuit Court of Orange County, and on January 27, 2003, the court found that Washington had been denied his right to an appeal with the Supreme Court of Virginia but dismissed all his other

claims. On March 12, 2003, the Supreme Court of Virginia entered an order granting petitioner leave to file a belated appeal of his conviction; however, the court again refused his petition for appeal on October 15, 2003, and denied his petition for a rehearing on January 30, 2004. Washington did not petition the United States Supreme Court for a writ of certiorari. On January 15, 2005, Washington filed a motion for leave to file a second habeas petition in the Circuit Court for Orange County, but the court denied the motion on January 27, 2005. Washington filed his federal habeas petition on June 3, 2005, in the Eastern District of Virginia; his case was transferred to this court on June 30, 2005.

## II.

Washington did not meet the one-year statute of limitations for filing a federal habeas petition and he has shown no grounds for equitable tolling of the § 2244 statute of limitations. The court, therefore, dismisses his petition. Washington had 365 days from April 30, 2004, the date his conviction became final,[1] to file his § 2254 petition.[2] Washington did not meet the April

---

[1] Washington's conviction became final when his time for direct review expired, which was April 30, 2004, when he failed to petition the United States Supreme Court for a writ of certiorari. See Sup. Ct. R. 13 (providing that a petition for a writ of certiorari must be filed within 90 days of the entry of judgment on which review is sought).

[2] Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:
   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

30, 2005 deadline,[3] so his petition is barred unless he demonstrates to the court grounds for equitable tolling of the one-year clock. Washington has made no such demonstration.

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Washington appears to argue that the court should toll the statute of limitations because his attorney waited until April 26, 2004, to inform him that the Supreme Court of Virginia had denied his belated appeal. Even if Washington's attorney did delay, though, Washington is not entitled to equitable tolling. Attorney error generally does not toll the limitations period. Harris, 209 F.3d at 330-31 (holding that an attorney's miscalculation of the § 2244 period does not warrant equitable tolling). Moreover, even if petitioner did not learn that the Supreme Court of Virginia had denied his appeal until April 26, 2004, he waited over one year from that date to pursue federal habeas relief. Such delay suggests that Washington was not diligently pursuing his rights in this court and is, therefore, not entitled to equitable tolling.

### III.

For the foregoing reasons, the court grants the respondent's motion to dismiss.

---

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A - D). Here, Washington has alleged nothing to support the application of § 2244(d)(1)(B - D), so the court finds the clock began to run on the date his conviction became final, April 30, 2004.

[3] As Washington did not file any State applications for post-conviction relief or other collateral review after the Supreme Court of Virginia denied his belated appeal on January 30, 2004, the one year statutory period was not tolled. See Section § 2244(d)(2).

3

**ENTER:** This ____ day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE